[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff whose maiden name was Agnes Ferguson and former married name was Kiember and the defendant were intermarried on April 2, 1993 at Cromwell, Connecticut. The plaintiff has been a resident of this state for at least twelve months prior to the date of the filing of this complaint. There are no minor children born to the plaintiff since the date of her marriage to the defendant and neither the plaintiff or the defendant have received aid or assistance from the State of Connecticut or any town thereof
This marriage has broken down irretrievably, a decree is entered dissolving the marriage.
Based upon the credible, admissible and relevant evidence before the court and the criteria as outlined in Connecticut General Statutes § 46b-81 and 82, the court makes the following findings of fact and conclusions of law.
This was a rather late in life marriage for these two parties. Both had been married one or more times previously. The parties lived together for a period of time before they were married and had known each other slightly many, many years earlier. From the testimony of both parties and the plaintiff's daughter in particular, the court concludes that the defendant had, and has, a serious alcohol problem which existed prior to the marriage and escalated for a period of time after they were CT Page 2186 married until they separated. Although the plaintiff may have been aware of the defendant's drinking, it is not evident at all to this court the she was aware of the extent of it nor of the havoc that it would potentially heap on this marriage. Starting with their honeymoon, the defendant engaged in a course of abusive conduct toward the plaintiff both physically and verbally and although there were some retaliatory measures taken by the plaintiff during some of these episodes, the court finds that the most substantial blame for the breakup of this marriage rests upon the shoulders of the defendant.
The record is replete with evidence of monies that they each put into the various undertakings of the marriage by way of living expenses and properties that she owned and improvements thereto. She had hoped for this marriage to provide each of them with security and peace in their remaining years and her hopes were dashed by the conduct of the defendant. With justification, she lived through a substantial part of this marriage with a well-founded fear of the defendant.
His health is not noted to be remarkably affected by any physical ailments at the present time. She suffers from asthma and arthritis, but the court concludes from the evidence that she has gone through the worst of it and probably enjoys substantially good health at the present time and for the foreseeable future.
She has been engaged as a businesswoman for a long period of time as, indeed, he was. Some of their business activities were jointly entered into during the marriage. With this lawsuit behind her and matters settled between them, she should be able to re-engage somewhat full time in her business company and assisted by the part time help that she has maintained over a period of years, should be in a position of being substantially self-sufficient within a period of a few years. The court realizes that she will reach the age of 65 in approximately five years and that her pension and social security may become available to her at that time. It is the court's conclusion that a reasonable period of alimony would be two and one-half years in order to allow her a reasonable time to get herself shifted back into more or less substantially full time employment. Accordingly, the court orders the defendant to pay to the plaintiff the sum of $200.00 per week as alimony for a period of thirty months commencing March 1, 1999. CT Page 2187
In connection with the real estate which is the plaintiff's property, it is ordered that all the right title and interest of the defendant in and to the Main Street property, Cromwell, Connecticut, be transferred to the plaintiff to be hers absolutely. This was premarital property which she owned and created a joint tenancy alter they were married. In connection with this property and various things that were done to it, the parties placed a mortgage thereon and by his own dependant decision, the plaintiff paid off the mortgage in the amount of $113,000.00. This property was subsequently sold and foreclosed by the parties such that the title was re-vested in them and there is a $38,000.00 Deficiency Judgment against the purchasers/mortgagees, the Doyles. As property settlement, the court orders that she retain this property. This real estate has a stipulated value of $133,000.00. She is ordered to repay to the defendant the sum of $56,500.00, representing 50% of the mortgage that he paid off on the property for what is now her sole benefit. This is by way of property settlement. This sum shall be secured by a mortgage from the plaintiff to the defendant without interest which shall be payable to the defendant on or before March 1, 2004, a period of five years. In the event payment shall not be made at or before maturity, interest shall run thereon at the rate of 10% per annum and said mortgage and note shall carry all the usual covenants and agreements as contained in secondary financing instruments. Each party shall be responsible for any debts as listed on their respective financial affidavits and with the exception of the orders entered herein each party shall retain any assets as shown on their own affidavits. The plaintiff is ordered to return to the defendant within thirty days of this memorandum the computer, fax machine, car cover and electric grass edger.
Alimony is not awarded to either party and in view of the financial situation of each and the orders entered herein, each shall pay their own attorney's fees.
A decree is entered dissolving the marriage as aforesaid.
It is so ordered.
HIGGINS, J.